Michael HALTMAN, et al., Plaintiffs,

v.

AURA SYSTEMS, INC.,
et al., Defendants.

No. CV 92–3388 CBM (JGx).

United States District Court,
C.D. California.

March 15, 1993.

ORDER RE MOTIONS TO DISMISS

CONSUELO BLAND MARSHALL,
District Judge.

This matter is before the Court on (1) Defendants Kurtzman, et al.'s (the "Kurtz- man Defendants") Motion to Dismiss Plaintiffs' First Consolidated Amended Complaint and Request for Judicial Notice [1] (2) Defendant Norman Reitman's ("Defendant Reitman") Motion to Dismiss; [2] and (3) Defendant Aura's ("Defendant Aura") Motion for Partial Dismissal or in the alternative, to Strike and Request of Judicial Notice.[3] (collectively all Defendants "Defendants") Plaintiffs filed a single opposition which addressed all three motions.

After considering the motions, the papers filed and arguments made in support of and in opposition to the motions, the Court makes the following findings:

1. The Court has jurisdiction pursuant to Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

2. Defendant Aura Systems, Inc. ("Aura") is a Delaware Corporation with its principal offices located in El Segundo, California, whose primary business is the development and sales of systems using electromagnetic technology. The other Defendants are officers and directors of Aura.

3. Aura has been in business for five years. When Aura was formed in 1987, its focus was to develop precision electromagnetic machinery for the United States Government. In 1990, Aura began to shift the focus of its business away from government contracts toward commercial applications.

4. This case is a class action on behalf of all persons, other than the Defendants and other related persons, who purchased Aura common stock between August 20, 1990 and June 12, 1992 (the "Class Period"). The Court consolidated the separate but identical complaints filed by Plaintiffs. Plaintiffs' First Consolidated Amended Complaint was

1. This motion was filed by Defendants Zvi Kurtzman, Arthur J. Schwartz, Francis J. Phalen, Joseph F. Beacqua, Neal B. Kaufman, Charles Rogers Saxon and Cipora Kurtzman. This motion was joined by Defendants Peter C. Jaquith, First Hanover Securities, Inc., Tilal Corporation and Westar Capital Corporation. A separate joinder was filed by Defendant Aura Systems, Inc.

2. This motion, filed by Defendant Norman Reitman was joined by Defendants Peter C. Jaquith, First Hanover securities, Inc., Tilal Corporation and Westar Capital Corporation.

3. This motion was filed by Defendant Aura Systems, Inc. Defendants Peter C. Jaquith, First Hanover Securities, Inc., Tilal Corp. and Westar Capital Corporation joined in this motion.

filed on September 15, 1992 (the "Complaint").

5. The claims asserted therein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5, 17 C.F.R. § 2240.10b–5, promulgated thereunder by the Securities and Exchange Commission ("SEC"), and principles of state law. The Complaint alleges the following four causes of action: (1) violation of Sections 10(b) and 20 of the Exchange Act and Rule 10b–5 of the SEC; (2) violation of Section 20(a) of the Exchange Act; (3) Fraud and Deceit; and (4) Negligent Misrepresentation.

6. Plaintiffs allege that Aura continually made optimistic statements that it would soon be or was generating profits in light of a new business strategy. Plaintiffs further allege that Defendants created the misleading impression that Aura was able to generate patents and technologies that were commercially viable when in fact, Aura misappropriated the patented ideas from their rightful owners.[4]

7. Plaintiffs also allege that during the Class Period Aura issued false financial statements and false and misleading statements and press releases to the investment community which included Plaintiffs.

8. Plaintiffs further allege that Defendants announced contracts and issued misleading statements as to the nature of such contracts—for example, Plaintiffs allege that Defendants would state that they had entered into a production contract when in fact it was a developmental contract that Defendants hoped would lead to production. (*See* Pls.' Opp. at 6.) Plaintiffs conclude that the purpose of these representations was to artificially inflate the price of Aura's common stock.

■ 9. Dismissal for failure to state a claim upon which relief may be granted is disfavored, and should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Woodrum v. Woodward County, Oklahoma,* 866 F.2d 1121, 1124 (9th Cir.1989).

■ 10. "Dismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." *Sinaloa Lake Owners Assoc. v. City of Simi Valley,* 864 F.2d 1475, 1478 (9th Cir.1989).

■ 11. On a motion to dismiss for failure to state a claim, the Court must presume all allegations in the complaint to be true, and must resolve all inferences in favor of the non-moving party. *Woodrum,* 866 F.2d at 1124. A pleading need only contain a "short and plain statement of the claim, showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, a complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103.

*Motion to Dismiss Consolidated Amended Complaint Filed by the Kurtzman Defendants*

12. The Kurtzman Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rules 12(b)(6) and 9(b) on the grounds that the Complaint fails to state a claim and fails to plead fraud with particularity.

13. Among other things, Kurtzman Defendants' contends that dismissal should be granted because (1) the Complaint fails to allege that Defendants made any untrue statements of material fact or omitted any material fact necessary to make statements which were made not misleading;[5] (2) the Complaint does not sufficiently allege scien-

---

**4.** Aura is currently a defendant in litigation in the District of Colorado in which Coors Brewing Co., Inc. and Golden Technologies Co., Inc. allege misappropriation of ideas for patents.

**5.** More specifically, Defendants Kurtzman et al. argue that the Complaint shows that they (1) accurately disclosed the nature of Aura's contracts; (2) never misrepresented the commercial viability of Aura's magnetic technology; (3) correctly described Aura's patented technology; (4) accurately stated that Aura is moving from government contracts to more profitable commercial contracts; (5) did not misinform investors about the risk of an investment in Aura; and (6) properly stated Aura's revenue.

ter; and (3) Plaintiffs' control person liability, fraud and negligent misrepresentation claims are inadequate.

■ 14. Federal Rule of Civil Procedure Rule 9(b) requires that "all averments of fraud" be stated "with particularity." The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Schreiber Distributing v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

15. The Ninth Circuit, however, has relaxed Rule 9(b)'s requirements "where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987) (citation omitted).

16. The *Wool* court determined that "where the fraud alleged is fraud in the internal operation of a corporation, plaintiffs are allowed to plead claims for fraud against officers of the corporation using group pleading presumptions." *Id.* at 1440.

17. A plaintiff "fulfills the particularity requirement of Rule 9(b) by pleading the misrepresentations with particularity and where possible the roles of the individual defendants in the misrepresentations." *Id.*

■ 18. The fact that some of the Defendants statements may have been 'literally true' does not mean that they were not misleading within the meaning of federal securities laws. *In re Convergent Securities Litigation*, 948 F.2d 507, 512 (9th Cir.1991). The question is whether the statements create a misleading impression.

19. Paragraphs 35 through 45 of the Complaint set forth Plaintiffs' control person liability claims. These paragraphs identify each of the Defendants' positions with Aura and their involvement in the operations thereof, as well as their participation in its operations and dissemination of allegedly false and misleading statements.

20. In *Rintel v. Wathen*, 806 F.Supp. 1467, 1469 (C.D.Cal.1992), the court dismissed plaintiffs' complaint with prejudice. In that case, plaintiffs relied solely on sixteen statements made by the defendants, in the form of press releases and SEC filings, in order to state a cause of action. The court in *Rintel* stated that such statements could be characterized as historical facts combined with general statements of optimism which were insufficient to state a claim.

21. In analyzing the complaint on a Rule 12(b)(6) motion, Judge Hauk relied on *Convergent* and *In re Verifone Securities Litigation*, 784 F.Supp. 1471 (N.D.Cal.1992) to reach a decision. In *Convergent*, the Ninth Circuit recently addressed the question of what types of statements are actionable under Rule 10b–5. "The Convergent Court concluded that neither the disclosure of accurate historical data accompanied by general statements of optimism nor the failure to disclose internal forecasts of future performance are actionable." *Rintel*, 806 F.Supp. at 1469.

22. The *Convergent* standards were applied in *Verifone*. The *Verifone* court dismissed a first amended complaint alleging violations of Rule 10b–5 where plaintiffs' case was based entirely on press releases and other public statements made by the defendants. Based on *Convergent* and *Verifone*, in *Rintel*, the court held that in order for plaintiffs to state a cause of action "plaintiffs must allege facts other than the disclosure of accurate historical data along with general statements of optimism or the failure to disclose internal forecasts of future performance. . . ." *Rintel*, 806 F.Supp. at 1470.

23. The allegations and facts of *Rintel* are very similar to this case. The plaintiffs in *Rintel* alleged causes of action for violations of Section 10b–5 and 20(a) of the Exchange Act. In the present case, Plaintiffs allege these same claims. Here, Plaintiffs' allegations of securities violations are based on press releases and SEC filing statements which make a series of positive and optimistic statements concerning Aura's business, future profitability and continued profitable growth. The Complaint alleges that Defendants had no reasonable basis for these statements when they were made and recklessly disregarded information which made such statements false and misleading.

24. According to *Rintel,* Plaintiffs must do more than allege accurate historical data with statements of optimism or failure to disclose internal forecasts of future performance.

■ 25. *Rintel* does not preclude reliance on press releases and SEC filing statements, but precludes actions for securities violations based solely on true statements that express optimism. The court in *Verifone* stated that "In the context of an allegedly misleading projection, it is not sufficient to allege in hindsight that the projection turned out to be wrong." *Verifone,* 784 F.Supp. at 1486. The issue therefore becomes what must Plaintiffs allege to satisfy *Rintel, Convergent* and *Verifone.*

26. The court in *Verifone* stated that:

Plaintiffs can only satisfy the scienter requirement by presenting facts which tend to show that, at the time the projection was made, there was no reasonable basis for the defendants' belief that the projection might come true.

*Id.*

■ 27. Plaintiffs' First Consolidated Amended Complaint does not allege any facts which tend to show that at the time Defendants made alleged optimistic misleading statements, Defendants had no reasonable basis for their belief that their statements might come true.

■ 28. As for Plaintiffs' fraud based claims, Plaintiffs rely on the 'group pleading' presumption which is permissible "where the fraud alleged is fraud in the internal operation of a corporation. *Wool,* 818 F.2d at 1440. Thus, Plaintiffs set forth allegations of misrepresentations with particularity and where possible the roles of the individual defendants in those misrepresentations. *Id.*

29. Similar to the plaintiffs in *Verifone,* Plaintiffs in the instant case do describe the time and place that the projections were made. "Plaintiffs do not, however, describe the nature of the fraud, other than to make the conclusory assertion that the projections

issued by the analysts lacked a reasonable basis. This type of unsubstantiated conclusion is insufficient to satisfy Rule 9(b)." *Verifone,* 784 F.Supp. at 1487. Thus, Plaintiffs' fraud based claims do not satisfy Rule 9(b).

*Defendant Reitman's Motion to Dismiss*

■ 30. Defendant Reitman also moves for dismissal pursuant to Rules 12(b)(6) and 9(b) on the grounds that the Complaint fails to state a claim against him. Reitman seeks dismissal of the action in its entirety without leave to amend.[6]

■ 31. Reitman contends that Plaintiffs have failed to adequately bring him within the "Collective Action" presumption because Plaintiffs have not plead a functional connection or special relationship between Reitman and the alleged fraud.

32. To support his position, Reitman argues that his status as a director of Aura and member of Aura's Audit Committee is insufficient to link him to the alleged fraud. Reitman maintains that he is an outside director of Aura and not a member of management.

33. As stated, Plaintiffs rely on the "group pleading" presumption in their allegations of fraud against the Defendants. The group pleading presumption is based on the theory that the officers involved in the day-to-day management of the corporation must be aware of the corporation's internal operations. Therefore, the group pleading presumption does not necessarily encompass every officer of a corporation.

34. Plaintiffs employ group pleading against both inside and outside directors[7] of Aura and argue that they are not required to plead each Defendants' individual participation in the fraud. Plaintiffs are correct with respect to the inside officers. However, Defendant Reitman is an outside directors. Therefore, different rules for pleading fraud apply to him.

35. The rules with respect to pleading claims against an outside director require Plaintiffs to allege a special relationship or status with the corporation. Courts have

---

**6.** Reitman also joins in the motions filed by the other defendants pursuant to Rules 12(b)(6) and 9(b).

**7.** An outside director is one who is not a full-time employee of the company.

applied the group pleading presumption where the outside directors maintained a special relationship with the company such that they may be considered control persons. *Wool,* 818 F.2d at 1440.

36. In *Xoma Corp. Securities Litigation,* No. CV 91–2252 (TEH), 1990 WL 357807 (N.D.Cal.1990), plaintiffs alleged that the outside directors signed some of the group published information; the court stated however, that there were no allegations that these directors participated in the drafting of such documents or otherwise enjoyed any special relationship to the company.

37. In *Smith v. Network Equipment Technologies, Inc.,* Fed.Sec.L.Rep. (CCH) P 95,659 at 98,093, 1990 WL 263846 (N.D.Cal. 1990), plaintiffs' claims against outside officers and directors were dismissed because there were no allegations that they played any specific role in the fraud, despite the fact that such officers and directors were actively involved in certain aspects of the company.

38. In the present case, Paragraph 27 of the Complaint alleges that Reitman is a member of Aura's Audit Committee. Paragraphs 31–32 outline the description of the Aura's directors' legal duties. Plaintiffs contend that these Paragraphs justify grouping Reitman with the management and/or inside directors for pleading purposes. In other words, Plaintiffs argue that Reitman's membership on the Audit committee constitutes a special relationship with Aura that would indicate that he had direct or indirect control over the conduct of Aura's affairs. These allegations are insufficient because there are no allegations that Reitman's membership on the Audit Committee played a specific role in the creation of the allegedly false and misleading statements.

39. Reitman's status as a member of Aura's Audit Committee, in and of itself, is insufficient to link him to the alleged fraud.

*Motion for Partial Dismissal or to Strike Filed by Defendant Aura*

40. Defendant Aura contends that the alleged misrepresentations relevant to its motion are that Aura:

(1) Misrepresented 'the true nature of (its) contracts and/or arrangements with Gener-

al Motors and Davis Engineering to develop and produce its technologies.'

(2) Misrepresented that it 'was capable of generating patentable technology when, in fact, Aura misappropriated ideas for patents from other companies....'

(3) And, misrepresented that it 'would increasingly obtain more commercial contracts with higher margins than government contracts.'

(Def. Aura's Mot. to Dismiss at 3.)

41. Aura contends that Plaintiffs cannot make these specific claims because the facts do not support such allegations. Aura proceeds to analyze the various press releases on which Plaintiffs rely. Aura argues the falsity of Plaintiffs allegations and requests the Court to take judicial notice of a document filed with the United States Patent Office.

42. Similar to the argument raised in the Kurtzman Defendants' motion, Aura argues that Plaintiffs cannot claim that Aura's stock was artificially inflated because of any misrepresentation of the General Motors or Davis Engineering contract. This argument is based on Aura's contention that all of the statements Plaintiffs rely on are true. However, as stated the issue that is dispositive is whether the statements gave a misleading impression.

43. Aura then argues that Plaintiffs cannot allege that Aura made misrepresentations about its ability to generate patentable technology because Aura is capable of generating patents. Indeed, Aura owns patents but Plaintiffs allege that the ideas for many of these patents were misappropriated and that such patents are not commercially viable. Therefore, Defendant Aura's argument is not responsive to Plaintiffs' allegations.

44. Aura also challenges Plaintiffs' allegation that Defendants falsely represented that Aura would obtain more commercial contracts with higher margins than government contracts. Aura argues that its statement was a reasonable projection. This argument is irrelevant because the Court is not charged with determining the validity of the allegation or whether it is reasonable. In-

stead, the Court must determine whether if what Plaintiffs say is true, is it actionable.

*Requests for Judicial Notice*

45. The Kurtzman Defendants request the Court to take judicial notice of approximately eight (8) documents filed with the SEC and approximately thirteen (13) documents filed with the United States Patent Office.

46. Defendant Aura requests the Court to take judicial notice of a document filed with the United States Patent Office.

47. Plaintiffs request the Court to take judicial notice of (1) Aura's 8–K SEC filing announcing the resignation of its Senior Vice President and General Counsel; and (2) a recent Ninth Circuit decision regarding control person liability.

48. The Court determined that in order to resolve the issues raised by any of the motions it was unnecessary to take judicial notice of any of the documents presented by the parties.

Based on the foregoing, IT IS HEREBY ORDERED THAT:

(1) Defendants Kurtzman, et al.'s Motion to Dismiss Plaintiffs' First Consolidated Amended Complaint is GRANTED because it fails to satisfy the pleading requirements for scienter and fraud based claims pursuant to *Convergent, Rintel* and *Verifone;*

(2) Defendant Kurtzman, et al.'s Request for Judicial Notice is DENIED;

(3) Defendant Norman Reitman's Motion to Dismiss is GRANTED on the grounds that the First Amended Consolidated Amended Complaint fails to adequately bring Reitman within the "Collective Action" presumption because Plaintiffs have not plead a functional connection or special relationship between Reitman and the alleged fraud;

(4) Defendant Aura's Motion for Partial Dismissal is GRANTED on the same grounds as the Kurtzman Defendants' motion;

(5) Defendant Aura's alternative Motion to Strike is moot;

(6) Defendant Aura's Request of Judicial Notice is DENIED; and

(7) Plaintiffs' Request for Judicial Notice is DENIED.

Based on the foregoing, IT IS FURTHER ORDERED THAT the First Consolidated Amended Complaint be dismissed against Defendants without prejudice.

IT IS HEREBY FURTHER ORDERED that Plaintiffs are granted twenty (20) days leave to amend in order to file a Second Consolidated Amended Complaint. If Plaintiffs' Second Consolidated Amended Complaint is not filed within twenty (20) days from receipt of this order, Plaintiffs' First Consolidated Amended Complaint will be dismissed with prejudice.

IT IS SO ORDERED.