In re GLENFED, INC. SECURITIES
LITIGATION.

John Paul DECKER; Arnold Cohen; Gary
Haskins; Larry Schwartz; Gary F.
Young; Elbridge Ruhl Graef, Trustee
u/w of Charlotte R. Graef on behalf of
themselves and all others similarly situ-
ated, Plaintiffs–Appellants,

v.

GLENFED, INC.; Norman M. Coulson;
Raymond D. Edwards; Dann V. Ange-
loff; Dean R. Bailey; Charles T. Blair;
Douglas A. Clarke; Morris K. Daley;
Richard O. Kearns; Walter A. Ketcham;
Jean C. Roeschlaub; Jack D. Steele;
Gilbert R. Vasquez; E. Gex Williams,
Jr.; Keith P. Russell, Jr., Defendants–
Appellees.

No. 92–55419.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1993.

Memorandum Sept. 15, 1993.

Order and Opinion Nov. 15, 1993.

As Amended Opinion Dec. 22, 1993.

Order Granting Rehearing En
Banc Feb. 25, 1994.

En Banc Decision Dec. 9, 1994.

Argued and Submitted April 21, 1994.

Decided July 13, 1995.

**592**

Martha A. Evans & John N. Zarian, Greenfield & Chimicles, Los Angeles, CA, Kenneth A. Jacobsen, Christopher T. Reyna & Ira N. Richards, Greenfield & Chimicles, Haverford, PA, Michael S. Glassman & Kathleen L. Clemens, Clemens, Glassman & Clemens, Los Angeles, CA, Warren Rubin, Deborah R. Gross & Ann D. White, Gross & Metzger, P.C., Philadelphia, PA, Lawrence A. Sucharow & Ira Schochet, Goodkind, Labaton & Rudoff, New York City, Alfred G. Yates, Jr., Alfred G. Yates, Jr. & Associates, Pittsburgh, PA, Sherrie R. Savett, Berger & Montague, P.C., Howard Sedran, Levin, Fishbein, Sedran & Berman, Harris J. Sklar, Law Offices of Harris J. Sklar, Philadelphia, PA, for plaintiffs-appellants.

Martin C. Washton, Rory M. Hernandez & Kevin S. Rosen, Gibson, Dunn & Crutcher, Los Angeles, CA, for defendants-appellees.

Before BROWNING, FARRIS and KELLY *, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

The en banc court vacated the panel opinion, *In re GlenFed, Inc., Sec. Litig.*, 11 F.3d 843 (9th Cir.1993), and remanded the appeal to the panel for reconsideration of the panel's holdings concerning secondary liability and Plaintiffs' 1933 Act and state-law claims. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1554 (9th Cir.1994) (en banc). The en banc court also indicated that the panel might consider whether Plaintiffs' primary liability (and any remaining secondary) claims should be dismissed under Fed.R.Civ.P. 9(b), as insufficient in attributing certain statements to all of the Defendants as "group published

information." *Id.* at 1554 n. 12. We ordered supplemental briefing. Plaintiffs indicated that they are abandoning their arguments on appeal regarding certain secondary liability claims and their common law claims. We now affirm the district court's judgment in part, reverse in part, and remand.

### A.

■ The district court's judgment dismissing Plaintiffs' secondary liability claims of "aiding and abetting" and "conspiracy" regarding primary securities law violations against all Defendants is affirmed, but on different grounds. Subsequent to the district court's decision, the Supreme Court held that the language of § 10(b) of the 1934 Act confers no private right of action for "aiding and abetting" liability. *Central Bank v. First Interstate Bank*, — U.S. —, —, 114 S.Ct. 1439, 1455, 128 L.Ed.2d 119 (1994). The Court's rationale precludes a private right of action for "conspiracy" liability. *See In re Syntex Corp Sec. Litig.*, 855 F.Supp. 1086, 1098 (N.D.Cal.1994).

### B.

■ Plaintiffs have abandoned their arguments concerning their state law claims. The district court's judgment dismissing Plaintiffs' state common law claims against all Defendants is affirmed on the grounds that the Plaintiffs have not alleged actual reliance on the alleged misrepresentations and omissions as required by *Mirkin v. Wasserman*, 5 Cal.4th 1082, 23 Cal.Rptr.2d 101, 858 P.2d 568 (1993) (rejecting "fraud on the market" theory).

### C.

■ The district court's judgment dismissing the primary liability claims (1933 and 1934 Acts) and "control person" liability claims against the outside directors (the non-employee directors) is affirmed because the complaint does not satisfy Fed.R.Civ.P. 9(b).

* Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation.

A plaintiff may satisfy Fed.R.Civ.P. 9(b) through reliance upon a presumption that the allegedly false and misleading "group published information" complained of is the collective action of officers and directors. *See Blake v. Dierdorff,* 856 F.2d 1365, 1369 (9th Cir.1988); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1440 (9th Cir.1987).

> In cases of corporate fraud where the false and misleading information is conveyed in prospectuses, registration statements, annual reports, press releases, or other "group-published information," it is reasonable to presume that these are the collective actions of the officers. Under such circumstances, a plaintiff fulfills the particularity requirement of Rule 9(b) by pleading the misrepresentations with particularity and where possible the roles of the individual defendants in the misrepresentations.

*Wool,* 818 F.2d at 1440 (internal quotation and citations omitted). The "group published information" presumption initially was applied to "a narrowly defined group of officers who had direct involvement not only in the day-to-day affairs of Tandem [Computers, Inc.] in general but also in Tandem's financial statements in particular." *Wool,* 818 F.2d at 1440; *see also Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989) (affirming district court denial of leave to amend in part because various "defendants in this case are not a narrowly defined group of corporate officers or directors who are alleged to have had day-to-day control over the fraudulent entities or their finances"). It subsequently was applied to a small board of directors in *Blake,* 856 F.2d at 1369–70.

The parties disagree as to the applicability of the presumption to the outside directors in this case. Defendants do not allege that the outside directors are involved in the day-to-day operations of GlenFed. Instead, the complaint identifies the nonemployee directors of GlenFed, their dates of service, every committee assignment, a general description of the various committees, and then proceeds to treat all of the Defendants, GlenFed, the senior management defendants, and the nonemployee directors, as a unit for pleading purposes.

Plaintiffs contend that "the *Wool* 'group published information' presumption is applicable to outside directors where the plaintiffs plead that the outside directors hold positions on audit, executive and other committees that are responsible for overseeing the corporation's financial and disclosure activities." We disagree. Merely because the complaint identifies a corporation's outside directors, various committee assignments, and generic responsibilities for every committee does not mean that the presumption of "group published information" is applicable. To hold otherwise would be to ignore Rule 9(b)'s directive that "the circumstances constituting the fraud or mistake shall be stated with particularity." *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1548. The "group published information" presumption is grounded in reasonableness—and it is not reasonable to presume in every case, given the requirement of notice, that a "corporate scheme to defraud was collectively devised by the [outside] director defendants." *Blake,* 856 F.2d at 1370. To rely upon the "group published information" presumption, Plaintiffs' complaint must contain allegations that an outside director either participated in the day-to-day corporate activities, or had a special relationship with the corporation, such as participation in preparing or communicating group information at particular times. *See In re Gupta Corp Sec. Litig.,* [1994–1995 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 98,689 at 92,227, 1995 WL 338893 (N.D.Cal. 1995); *In re Syntex Corp. Sec. Litig.,* 855 F.Supp. at 1100; *In re Rasterops Corp. Sec. Litig.,* [1994–95 Transfer Binder] Fed.Sec. L.Rep. (CCH) ¶ 98,467, at 91,194, 1994 WL 618970 (N.D.Cal.1994); *In re Ross Sys. Sec. Litig.,* [1994–95 Transfer Binder] Fed.Sec. L.Rep. (CCH) ¶ 98,363, at 90,496, 1994 WL 583114 (N.D.Cal.1994); *O'Sullivan v. Trident Microsystems, Inc.,* [1994–95 Transfer Binder] Fed.Sec.L.Rep. ¶ 98,116 at 98,913, 1994 WL 124453 (N.D.Cal.1994); *Haltman v. Aura Systems,* 844 F.Supp. 544, 549 (C.D.Cal.1993). Plaintiffs fall short of alleging operational involvement on the part of the outside directors, a prerequisite for group pleading.

**594**

As to all other claims against the remaining Defendants, the district court's judgment is reversed in accordance with the en banc court's opinion, 42 F.3d 1541, and remanded for proceedings consistent with that opinion.

AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs.